IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. CR-04-179-R |
| | ) |
| DENNIS EMERSON GONZALEZ, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is Defendant Dennis Emerson Gonzalez's pro se Motion for Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) [Doc. No. 842], to which the United States responded in opposition [Doc. No. 855]. Defendant is currently serving a 360-month sentence of imprisonment on numerous counts related to a conspiracy to distribute methamphetamine, cocaine, methylenedioxymethamphetamine (MDMA), and marijuana in the Oklahoma City area. His prior motion seeking a sentence reduction [Doc. No. 830] was denied on the merits [Doc. No. 837].

The Tenth Circuit has adopted a three-step test for district courts to apply when considering motions filed under § 3582(c)(1). *United States v. McGee*, 992 F.3d 1035, 1042-43 (10th Cir. 2021). Under that test, a court may reduce a sentence if the defendant has administratively exhausted his claim[1] and "meets three requirements: (1) extraordinary and compelling reasons warrant a sentence reduction; (2) such a reduction is consistent

---

[1] The United States does not dispute that Defendant administratively exhausted his claim.

with the applicable policy statements issued by the Sentencing Commission; and (3) the factors set forth in 18 U.S.C. § 3553(a) support early release." *United States v. Pepper*, 851 F. App'x 890, 891 (10th Cir. 2021) (citing *McGee*, 992 F.3d at 1042). "If any of the requirements are lacking, the district court may deny the motion without addressing other factors." *Id.*

As to the first requirement, Defendant identifies three circumstances that he argues present an extraordinary and compelling reason warranting a sentence reduction. First, he relies on the BOP's purported mismanagement of the Covid-19 pandemic and his hypertension, which he argues puts him at a greater risk for developing severe symptoms. However, neither Defendant's general concerns about the Covid-19 pandemic nor his alleged hypertension support a finding that extraordinary and compelling reasons are present, particularly given that Defendant has been vaccinated against Covid-19. *See United States v. Warren,* 22 F.4th 917, 928 (10th Cir. 2022) (finding that "the mere fact that COVID-19 exists in society is not enough" to justify compassionate release); *United States v. Hald*, 8 F.4th 932, 936 (10th Cir. 2021) (expressing "doubt" that defendants had presented extraordinary and compelling circumstances where they had been vaccinated against Covid-19); *United States v. Thompson*, 984 F.3d 431, 434 (5th Cir. 2021) (finding that "commonplace" condition like hypertension is not extraordinary).

Second, Defendant argues the harsher conditions of confinement he experienced during the Covid-19 pandemic present an extraordinary and compelling reason to warrant relief. But "harsh conditions faced by all inmates are not extraordinary." *United States v. Johnson*, No. 3:17-CR-01569-DCG-1, 2023 WL 2671403, at *5 (W.D. Tex. Mar. 28,

2023); *see also Venters v. United States*, No. 2:20-CR-00026-DBB, 2023 WL 6147604, at *2 (D. Utah Sept. 20, 2023) (explaining that "broad generalizations do not meet the standard required for compassionate release"). Defendant has not identified any particularized harm concerning prison conditions that would support a finding that extraordinary and compelling circumstances are present.

Last, Defendant argues that the different treatment given to pure methamphetamine and methamphetamine mixtures in the sentencing guidelines creates a sentencing disparity and that he received a sentence far longer than he would if sentenced today.[2] *See* U.S.S.G. § 1B1.13(b)(6). However, any disparities in the methamphetamine-related sentencing guidelines cannot fairly be described as an extraordinary and compelling circumstance given that the guidelines apply to all offenders. *See United States v. Champion,* No. 117CR00046MRWCM5, 2023 WL 5604175, at *4 (W.D.N.C. Aug. 29, 2023) ("Such arguments are not unique to the Defendant and could have been raised at the time of sentencing."); *United States v. Hall,* No. CR 19-00394-01, 2023 WL 3366547, at *3 (W.D. La. May 10, 2023) ("Hall's argument based on the methamphetamine-related sentencing guidelines simply do not present extraordinarily severe exigency; it was foreseeable at the time of sentencing; and it is not unique to Hall."). Moreover, even if Defendant were given the benefit of the four-level sentencing reduction he seeks in his motion, his guideline range

---

[2] To the extent Defendant's motion seeks a sentence reduction under 18 U.S.C. § 3582(c)(2) based on Amendment 782 and/or Amendment 821 to the United States Sentencing Guidelines, his request is denied as he is not eligible for a sentence reduction under either amendment. *See* Preliminary Report for Consideration of Sentence Reduction Based on 2014 Drug Guidelines Amendment [Doc. No. 818] and Preliminary Report for Consideration of Sentence Reduction Based on Amendment 821 [Doc. No. 844].

would remain the same as it was at time of his original sentencing. Defendant was convicted of numerous offenses and has not carried his burden of showing that he received an unusually long sentence or that a change in the law produced a significant disparity in his sentence.

Because Defendant has not identified any extraordinary and compelling reason warranting a sentence reduction, his Motion for Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) is DENIED.

IT IS SO ORDERED this 1st day of March, 2024.

*David L. Russell*
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE